[No. 6128. Decided October 19, 1906.]

## MARY M. MILLER, *Plaintiff and Appellant*, v. JAMES O'LEARY, *Defendant and Appellant.*[1]

ADVERSE POSSESSION—CLAIM OF RIGHT—ACTUAL POSSESSION—EVIDENCE—SUFFICIENCY. There is not sufficient evidence of actual possession, under claim of right, to the north ten feet of a lot included in a plat by the mistake of an adjoining owner, where it appears that the grantee of the lot, in erecting buildings, abandoned work on the strip in dispute and occupied it only with a sidewalk used as an approach to buildings on the balance of the lot, that he paid taxes only on a fractional part of the lot, and the strip was used extensively by the public as a highway.

SAME—CONSTRUCTION OF SIDEWALK. The construction and use of a sidewalk across a ten-foot strip of a lot is not such a taking of possession of the entire strip as to give title by adverse possession.

SAME—PAYMENT OF TAXES—GOOD FAITH. Where the grantor had no title to the north ten feet of a sixty-foot lot, the payment by his grantee of taxes for seven years upon all but the north six feet of the lot, appears to have been made through mistake, rather than under claim and color of title made in good faith to four feet of the ten-foot strip, as required by Bal. Code, §§ 5503, 5504, to gain title to vacant land by the payment of taxes.

[1]Reported in 87 Pac. 113.

Cross-appeals from a judgment of the superior court for King county, Morris, J., entered November 17, 1905, upon findings in favor of the plaintiff for possession, but in favor of the defendant on plaintiff's claim for rent, after a trial on the merits before the court without a jury, in an action of ejectment. Affirmed.

*Blaine, Tucker & Hyland* (*F. R. Conway*, of counsel), for plaintiff. The possession must be adverse and continuous for the statutory period. 1 Cyc. 1008; *Brown v. Hanauer*, 48 Ark. 277, 3 S. W. 27; *Tegarden v. Carpenter*, 36 Miss. 404; *Holdfast v. Shepard*, 28 N. C. 361; *Atkinson v. Smith* (Va.), 24 S. E. 901; *Yelverton v. Hilliard*, 38 Mich. 355; 1 Am. & Eng. Ency. Law (2d ed.), 834; *Casey v. Inloes*, 1 Gill (Md.) 430, 39 Am. Dec. 658; *McEntire v. Brown*, 28 Ind. 347; *Core v. Faupel*, 24 W. Va. 238; *Ruffin v. Overby*, 105 N. C. 78, 11 S. E. 241; *Lohse v. Burch*, 42 Wash. 156, 84 Pac. 722.

*Harold Preston* and *Fred H. Peterson*, for defendant, contended, *inter alia*, that plaintiff's entry subsequent to the completion of defendant's ten-year adverse possession could not impair defendant's title. *Kline v. Stein*, 30 Wash. 189, 70 Pac. 235; *Thornley v. Andrews*, 40 Wash. 580, 82 Pac. 899; *Joy v. Stump*, 14 Ore. 361, 12 Pac. 929; *Parker v. Mezgar*, 12 Ore. 407, 7 Pac. 518; Hill's Code of Oregon, § 4; *Barnes v. Light*, 116 N. Y. 34, 22 N. E. 441; *Sherman v. Kane*, 86 N. Y. 57; New York Code of Proc., § 365; *Cannon v. Stockmon*, 36 Cal. 535, 95 Am. Dec. 205; *Arrington v. Liscom*, 34 Cal. 365, 94 Am. Dec. 722; *Southern Pac. R. Co. v. Whitaker*, 109 Cal. 268, 41 Pac. 1083; California, Deering's Code of Civil Proc., § 318; *Dean v. Goddard*, 55 Minn. 290, 56 N. W. 1060; 2 Minnesota Statutes, ch. 66, § 4; *Allen v. Mansfield*, 82 Mo. 688; *Franklin v. Cunningham*, 187 Mo. 184, 86 S. W. 79; 2 Missouri Rev. Stat. 1889, § 6764; *Cerrena v. Thurston*, 59 Neb. 343, 80 N. W. 1048; *Heinrichs v. Terrell*, 65 Iowa 25, 21 N. W. 171; *Doe v. Roe*, 13 Fla.

602; Florida Revised Statutes, 1892, §§ 1287-8; *Brackett v.* *Persons*, 53 Me. 228; *School District v. Benson*, 31 Me. 381, 52 Am. Dec. 618; Maine Revised Statutes, 1903, p. 857, § 1; *Casey v. Anderson*, 17 Mont. 167, 42 Pac. 761; Montana Comp. Statutes, 1887, § 29; *McMillan v. Wehle*, 55 Wis. 685, 13 N. W. 694; *Hatch v. Lusignan*, 117 Wis. 428, 94 N. W. 332; Sanborn & Ber. Ann. Stat., § 4207; *Clinton v. Franklin*, 119 Ky. 143, 83 S. W. 142; *Bicknell v. Comstock*, 113 U. S. 149, 5 Sup. Ct. 399, 28 L. Ed. 962. The acts of defendant constituted adverse possession. 1 Cyc. 983; *Goodson v. Brothers*, 111 Ala. 589, 20 South. 443; *Latta v. Clifford*, 47 Fed. 614; *Bellingham Bay Land Co. v. Dibble*, 4 Wash. 764, 31 Pac. 30; *Flint v. Long*, 12 Wash. 342, 41 Pac. 49; *Wishart v. McKnight*, 184 Mass. 283, 68 N. E. 237; *Giles v. Ortman*, 11 Kan. 59; *Olson v. Howard*, 38 Wash. 15, 80 Pac. 170; *Fuller v. Elizabeth City*, 118 N. C. 25, 23 S. E. 922; *Hamilton v. Icard*, 117 N. C. 476, 23 S. E. 354; *Hesser v. Siepmann*, 35 Wash. 14, 76 Pac. 295; *Dausch v. Crane*, 109 Mo. 323, 19 S. W. 61; *Clark v. Gilbert*, 39 Conn. 94; *Ford v. Wilson*, 35 Miss. 490, 72 Am. Dec. 137; 1 Cyc. 999; *Skipwith v. Martin*, 50 Ark. 141, 6 S. W. 514; *Mather v. Walsh*, 107 Mo. 121, 17 S. W. 755; *Parker v. Newberry*, 83 Tex. 428, 18 S. W. 815; *Beaumont Pasture Co. v. Polk* (Tex. Civ. App.), 55 S. W. 614; *Converse v. Ringer*, 6 Tex. Civ. App. 51, 24 S. W. 705; *Hayes v. Martin*, 45 Cal. 559; *Lord v. Sawyer*, 57 Cal. 65; *Moore v. Brownfield*, 7 Wash. 23, 34 Pac. 199. User by the public as a highway worked no interruption of defendant's adverse possession. *Burrows v. Gallup*, 32 Conn. 493, 87 Am. Dec. 186; *Webber v. Clarke*, 74 Cal. 11, 15 Pac. 431; *Parker v. Newberry*, 83 Texas 428, 18 S. W. 815; *Skipwith v. Martin*, 50 Ark. 141, 6 S. W. 514; *Batchelder v. Robbins*, 95 Me. 59, 49 Atl. 210; *Irwin v. Dixon*, 9 Howard 10, 13 L. Ed. 25; *Columbia etc. R. Co. v. Seattle*, 33 Wash. 513, 74 Pac. 670. Where one enters land under color of title his actual possession of a part of the tract is held in law to be coextensive with the grant to him. *Puryear*

*v. Friery,* 16 Tex. Civ. App. 316, 40 S. W. 466; *Peden v. Crenshaw* (Tex. Civ. App.), 81 S. W. 369; *Clarke v. Courtney,* 5 Peters 319, 8 L. Ed. 140; *Hopkins v. Robinson,* 3 Watts 205; *Draper v. Taylor,* 58 Neb. 787, 79 N. W. 709; *McMillan v. Wehle,* 55 Wis. 685, 13 N. W. 694; *Barber v. Robinson,* 82 Minn. 112, 84 N. W. 732; *Upper v. Lowell,* 7 Wash. 460, 35 Pac. 363; *Smith v. Gale,* 144 U. S. 509, 12 Sup. Ct. 674, 36 L. Ed. 521; *Richardson v. Watts,* 94 Me. 476, 48 Atl. 180.

PER CURIAM.—Mary M. Miller, plaintiff below, brought this action against James O'Leary, defendant, to recover the possession of a tract of land situate in the city of Seattle and described as the north ten feet of lot 6 in block 30, of David S. Maynard's plat of the town of Seattle.

From the record it is made to appear that, sometime prior to 1853, Henry L. Yesler and David S. Maynard severally settled upon and located, under the Oregon Donation Act, land claims on what is now the city of Seattle. The claims adjoined each other, the south line of Yesler's claim forming the north boundary of Maynard's. In 1853 Maynard filed the town plat above mentioned, evidently believing that the land included therein lay wholly within his own donation claim; but in this he was mistaken, as it actually extended over into Yesler's claim a distance of 130 feet. Block 30 was so platted that the north ten feet of lot 6 therein, the tract in dispute, lay within the Yesler claim. Maynard, although he never acquired title to this ten-foot strip, conveyed the same, not long after he filed the plat, to one James Tilton, and from him the land passed through regular mesne conveyances to the defendant, who acquired it in June 25, 1896, his immediate grantor being one Daniel O'Leary. The plaintiff has title from Yesler, having purchased the property from the executor of his estate. To maintain her action the plaintiff relied upon the conveyance from the executor of Yesler's estate to herself. The defendant concedes that

Maynard had no title to the land when he conveyed to Tilton, and that none passed to him by virtue of the several conveyances from the grantees of Tilton, but he contends that he has title by virtue of the general statute of limitations relating to adverse possession, and the special statute relating to the payment of taxes for seven consecutive years. The case was tried before the court sitting without a jury, and resulted in findings and a judgment in favor of the plaintiff for the recovery of the land. Both parties appeal, the plaintiff, from the refusal of the court to award her judgment for rents, and the defendant, from the judgment as entered.

With reference to the claim of adverse possession, it appears that in 1889 Daniel O'Leary, who then held the paper title, leased the whole of lot six to a Chinaman called Quong Chong, for a term of five years, granting him permission to erect certain buildings upon the lot. At the time the lease was executed O'Leary claimed the whole of the lot, and pointed out its boundaries to Quong as the property leased. The lessee graded the lot immediately after the execution of the lease, and before the beginning of the year 1890, erected a Joss house on the northwest corner of the lot immediately south of the strip, at the same time building a walk on the north side of the house along the strip back for a distance of about sixty feet, which was used as an entrance way to the rear door of the Joss house, and to certain other buildings that were afterwards erected on the lot. This walk seems to have been maintained by the defendant's tenants from that time until shortly before the active dispute between the plaintiff and defendant began, perhaps about the year 1901.

With the exception of the payment of taxes to be mentioned later, these are, in substance, the only overt acts of adverse possession shown. Whether such acts, if they stood alone, would justify the court in saying that the legal title had

been diverted from the plaintiff to the defendant we think might reasonably be questioned, but other facts shown, it seems to us, scarcely leaves the case in doubt. The most potent of these is the fact that no permanent structure in the way of a building was put upon the strip. Although the tenants of the defendant's grantor studded the remaining portion of the lot with a variety of buildings, even to the very margin of the disputed ground, yet scrupulous care was observed not to extend them onto it. It hardly seems possible that, had the defendant's grantor contended in good faith as early as 1899 that the disputed tract passed by the deed from Maynard, or that he otherwise had claim to it, he would not have covered it with buildings. One of the plaintiff's witnesses, moreover, testified that the Chinese lessee did start to erect the Joss house near the north line of the lot as platted, going so far as to level off the ground and commence the foundation, but shortly afterwards, at the solicitation of some one, moved it south until it was off the disputed strip.

Another fact shown by the record that seems to us to controvert the defendant's claim is that the tract remained open to the public and was extensively used by the public as a highway during the entire time the defendant now claims to have had adverse possession of it. Had the space been needed as a highway for the use of the defendant's tenants, the case might have been different, but such was not the fact. The lot was accessible from both sides; and certainly this space covered with buildings would have been made more serviceable and profitable to its owners than it was while in use as a mere alleyway. Still another fact is that lot six was not given in to the assessor for taxation as an entire lot during any part of that period. For the purposes of taxation it was divided into tracts called the south fifty-four feet, and the north six feet, and different parties paid the taxes upon it in these proportions. When it is remembered that, in the earlier of the years mentioned, ownership of real

12—44 WASH.

property for the purposes of taxation was ascertained from persons claiming it rather than from any systematic study of the records, it is at least significant that none of the defendant's grantors thought to have the entire lot assessed under his own name. What gave rise to the arbitrary division made, the record does not make very clear, but it can be surmised that the defendant's grantors intended to pay only on that part of the lot to which they had title, and were in error as to the size of the strip in dispute.

The contention that the construction of the sidewalk was a taking of possession of the entire tract obviously has no merit. Its construction and open and continuous use for the period of the statute of limitations might give rise to an easement in the nature of a right of way over that portion of the lot so used, but to use a portion of a tract as a right of way is clearly not an adverse user of the entire tract.

The claim that the defendant has title by virtue of the seven-year statute has no better foundation. On the north six feet, no continuous payment of taxes for that period of time was in fact made, and the claim to that part of the tract can be dismissed at once. While taxes on the south four feet have been paid for the period required, we think the payments were not made under the conditions the statute imposes. The statute requires the taxes to be paid under "claim and color of title" when the land is in possession of the person paying the taxes, and under "color of title made in good faith" when the land is vacant and unoccupied. Bal. Code; §§ 5503, 5504 (P. C. §§ 1160, 1161). Here, as we have said, the evidence convinces us that the defendant made no claim to this ten-foot strip, or any part of it, and that his payment of taxes on a portion of it was made through error rather than with any intent to pay taxes on it. Such a payment can neither be under claim and color of title, or under color of title made in good faith. The payment might, under rules elsewhere announced by this court, give rise to the right to

recover of the true owner the taxes so paid, but we think it cannot give title to the land itself.

On the plaintiff's appeal, we do not think the equities of the case justify a recovery of rents or damages, and we decline to disturb the judgment in this respect.

The judgment appealed from will therefore stand affirmed, neither party to recover costs.